## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KELLY SCOTT, individually and on behalf of all
others similarly situated,

      Plaintiffs,

-vs-                                      Case No.  8:08-cv-1270-T-24-EAJ

FLORIDA HEALTH SCIENCES CENTER, INC.
d/b/a TAMPA GENERAL HOSPITAL,
PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC., &
MERCHANTS ASSOCIATION COLLECTION
DIVISION, INC. d/b/a MAF COLLECTION
SERVICES

      Defendants.
_____/

### ORDER

This cause comes before the Court on the Motion to Dismiss filed by Defendant Florida

Health Sciences Center ("FHSC") (Doc. No. 7).  Plaintiff has filed a Response in opposition to

Defendant's Motion (Doc. No. 16).

### INTRODUCTION

In the second count of Plaintiff's two-count Complaint, Plaintiff sues FHSC for violating

the Florida Consumer Credit Practices Act ("FCCPA") by seeking to collect an illegtimate debt

from Plaintiff.  To state a claim under the FCPPA, Plaintiff must allege either that Defendant

knew that the debt was not legitimate or that Defendant sought to collect the debt in a harassing

or abusive manner.  The FCCPA claim is the only one Plaintiff raises against Defendant FHSC.

Defendant moves to dismiss the claim against it on the grounds that (1) Defendant had only

constructive, rather than actual, knowledge that the debt it tried to enforce against Plaintiff had

been paid, and (2) the collection practices employed by Defendant and its agents—Defendants

MAF Collection Services ("MAF") and Preferred Collection ("Preferred")—were neither

abusive nor harassing.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007) (citation omitted).  As such, a plaintiff is required to allege "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion

is not whether the plaintiff will ultimately prevail in his or her theories, but whether the

allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the

allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir.

1986).

## BACKGROUND

Plaintiff gave birth at Defendant's Tampa General Hospital on September 15, 2006.

(Compl. 6.)   At that time, Plaintiff informed the hospital that she was insured by

UnitedHealthcare.  (Id.)  Defendant had a contract with UnitedHealthcare providing that

Defendant would not directly contact UnitedHealthcare beneficiaries to collect debts for services

that were settled by UnitedHealthcare.  (Id. at 9–11.)  Between UnitedHealthcare's payment and

the deductible paid by Plaintiff, all costs associated with Plaintiff's bills were covered on or

around November of 2006.  (Id. at 6, 8.)

Despite the complete payment of Plaintiff's bills, Defendant sent Plaintiff a letter in

October of 2007 stating that Plaintiff still owed Defendant $3, 256 for the medical services she

received. (Pl's Ex. A.)  In addition, around the same time, a worker in Defendant's collection

department called Plaintiff and informed her that she owed that amount.  (Compl. 6.)  Plaintiff

correctly informed the worker who called her that UnitedHealthcare had settled the debt and that

all other inquiries should be directed to UnitedHealthcare.  (Id. at 6–7.)  Nevertheless, over the

next eight months Plaintiff was contacted at least seventeen times by debt collection agencies

Merchants Association Collection Division ("MAF") and Preferred Collection and Management

Services, Inc. ("Preferred")—who were working on behalf of Defendant—demanding that she

pay the medical bills associated with the birth.  (Id. at 7–11.)  Plaintiff informed the collection

agency callers that the debt had been settled by UnitedHealthcare.  (Id. at 7–9.)  In addition,

UnitedHealthcare wrote a letter to Defendant reminding it that, under contract, Defendant was

not allowed to contact its beneficiaries about debts that had been settled or reduced by

UnitedHealthcare. (Pl.'s Ex. F.)

Despite Plaintiff's and UnitedHealthcare's payment of the medical bills in full and their

repeated reminders to Defendant and its collection agents that the debt was settled and that

Plaintiff was not to be contacted further, Defendant's agents continued to call and write letters to

Plaintiff demanding payment.  Some of the final letters sent to Plaintiff threatened to report her

failure to pay the bills to credit bureaus and stated that this would likely harm Plaintiff's ability

to obtain credit in the future. (Compl. 11.)

## DISCUSSION

The pertinent part of the FCCPA outlaws two types of behavior, either one of which is

sufficient by itself to establish a claim under the statute.  First, the law makes it illegal for any

person collecting a consumer debt to "[c]laim, attempt, or threaten to enforce a debt when such

person knows that the debt is not legitimate or assert the existence of some other legal right

when such a person knows that the right does not exist."  Fla. Stat. § 559.72(9).   The word

"knows" within the statute means to have actual, rather than constructive, knowledge of the

illegitimacy of the debt or right.   Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1363 (S.D.

Fla. 2000).

Secondly, the statute makes it unlawful to "wilfully engage in other conduct which can

reasonably be expected to abuse or harass the debtor or any member of her or his family."  Fla.

Stat. § 559.72(7).  There is no exact formula or checklist to determine whether a communication

is abusive or harassing in nature; rather, to violate the statue, the behavior must be evaluated as a

whole under the circumstances.  Story v. J.M. Fields, Inc., 343 So. 2d 675, 677 (Fla. 1st DCA

1977).

Here, Defendant claims that Plaintiff fails to state a claim under either prong of the

statute, because Plaintiff does not allege (1) that the individuals calling and writing letters on

behalf of Defendant were personally aware that the debt had been settled; or (2) that the calls

were abusive or harassing in nature, rather than merely routine. (Doc. No. 7.)      The Court

finds, however, that read in the light most favorable to Plaintiff, the Complaint sufficiently alleges violations of both prongs of the FCCPA.

## A. *Actual Knowledge*

First, Defendant suggests that because only *individuals* in the Defendant's organization and in the collection agencies acting on its behalf were told that Plaintiff's debt had been settled, the corporation itself did not have actual knowledge. (Doc. No. 7, pp. 4–7.) In fact, Defendant argues, to be guilty under the FCCPA, the specific person calling or sending a collection letter to Plaintiff on behalf of Defendant would have to be aware that the debt was illegitimate. (Id. at  p. 6.)  Corporation and agency principles, however, demand an inverse analysis of the issue, imputing the actions of a corporation's agents and employees to the corporation itself, which is the only entity that must have knowledge of the illegitimacy of the debt.

If the actions of a corporation's employees and agents are performed within the scope of their duties, and done in furtherance of the corporation's business, they are attributed to the corporation.  Quick v. People's Bank of Cullman County, 993 F.2d 793, 797 (11th Cir. 1993). Thus, if an employee or agent, acting within the scope of his employment seeks to collect a debt on behalf of a corporation that has vested him with that authority, the corporation itself has sought to collect that debt.  So, if a corporation is aware that a debt is illegitimate, and its employees or agents attempt to collect that debt in such a manner, the corporation has violated the FCCPA.

Here, Plaintiff has alleged sufficient facts to show that FHSC had direct knowledge that Plaintiff's debt had been settled. Persons working directly for FSHC were informed of the full payment of the debt (1) when they received the full payment, (2) when Plaintiff informed the caller from Defendant's collection department of the payment, and (3) when UnitedHealthcare

wrote a Defendant a letter to that end.  These allegations are sufficient to attribute actual

knowledge to Defendant that the debt had been extinguished.  Next, it is not disputed that

employees and agents of FHSC, acting on its behalf, attempted to collect the debt at least

nineteen times after it was paid.   Thus, the corporation was aware of the illegitimacy of the debt

and is responsible for having tried to collect the debt anyway.  These allegations are sufficient to

state a claim that Defendant violated the FCCPA.  See Losure v. Capital One Servs., 2006 Lexis

3977 at *10–11 (M.D. Fla., Jan. 23, 2006) (holding that Plaintiff stated a claim under the FCCPA

by alleging that the Defendant tried to collect a debt that was not owed, even though Plaintiff did

not specifically allege that negotiation of the debt was made with the defendant corporation

directly).

While Plaintiff's Complaint alleges that Defendant "knew or should have known" that

the debt was illegitimate, the allegations set forth by Plaintiff, when construed in the light most

favorable to her, describe the Defendant's actual knowledge sufficiently to state a claim under

the FCCPA.   Thus, there is no need to address the issue of whether Defendant's constructive

knowledge based on the knowledge of MAF's and Preferred's employees would be sufficient to

meet the statute's knowledge requirement.   These allegations alone are grounds enough to deny

Defendant's Motion to Dismiss for failure to state a claim.  However, the Court examines

Plaintiff's claim under the second prong of the statute, for the sake of thoroughness.

### B.  *Abuse and Harassment*

Defendant argues that Plaintiff's allegations show Defendant's collection efforts were

routine, rather than abusive or harassing. Whether collection behavior is abusive or harassing is

not a formulaic determination, but demands consideration of the frequency and tone of the

contacts, "the legitimacy of the creditor's claim, the plausibility of the debtor's excuse . . . and

all other circumstances that color the transaction." Story, 343 So. 2d at 676–77. Where the nature of the collection attempts is ambiguous, evaluating the factual circumstances and determining whether they constitute harassment or abuse becomes a question of fact falling within the province of the jury. Id. at 677.

Because Plaintiff had communicated clearly to Defendant and its agents multiple times both that the debt had been settled and that claims to collect the debt were to be directed to her insurance carrier (as per Defendant's contract with UnitedHealthcare), the conservatively-estimated nineteen attempts to collect the debt by contacting Plaintiff at work and at home could be considered abusive and harassing when viewed in a light most favorable to Plaintiff. The fact that some of these communications threatened to hamper Plaintiff's ability to obtain credit should she not send further payment only buttresses Plaintiff's claim. Therefore, Plaintiff successfully states a claim sufficient for the consideration of a trier of fact as to the second prong of the FCCPA.

## CONCLUSION

Plaintiff's Complaint alleges facts sufficient to state a claim under both prongs of the FCCPA. Accordingly, it is ORDERED and ADJUDGED that Defendant's Motion to Dismiss the Complaint for failure to state a claim (Doc. No. 7) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record